**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-1247C

(Filed: September 26, 2017)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **MICHAEL HARRIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
SEP 2 6 2017
U.S. COURT OF
FEDERAL CLAIMS

Michael Harris, *pro se*, Los Angeles, California.

Amelia R.S.H. Lister-Sobotkin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Michael Harris, brings suit alleging violations of 18 U.S.C. § 1341 ("Frauds and swindles") and 18 U.S.C. § 1701 ("Obstruction of mails generally") by the California state courts or the Los Angeles County Sheriff's Office. Compl. at 1-2.[1] The crux of Mr. Harris's claims is that neither the California courts or the Los Angeles County Sheriff's Office have served process as he requested in his state civil action pending against the Los Angeles Police Department, and that he has received no communications by mail describing deficiencies in his filings that prevent service being made. This, he claims, is evidence that either the courts or the Sheriff's Office are violating federal law by "obstructing mails away from [him]." *See* Compl. at 2.

---

[1] Mr. Harris's Complaint appends several pages of photographs of other documents, including of a form styled "Los Angeles Police Department Complaint of Employee Misconduct," various receipts for documents sent via mail, and other forms related to an action in the California state court. Some of the photographed pages are numbered inconsistently with the numbering scheme of the Complaint as a whole; thus references to the Complaint in this opinion will be made to the particular page numbers of the Complaint itself, which may at times differ from the number handwritten on the page cited.

7017 1450 0000 1346 2595

Before the court is Mr. Harris's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which motion is ready for disposition. *See* Pl.'s Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 4. Section 1915 permits "any court of the United States" to allow parties to proceed without the payment of fees upon the filing of "an affidavit that . . . the person is unable to pay such fees." 28 U.S.C. § 1915; *see also* 28 U.S.C. § 2503(d). Further, among other things, Section 1915 calls upon the court to assess, following consideration of the affidavit contained within the motion to proceed *in forma pauperis*, whether the complaint is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). For the reasons stated, the court grants Mr. Harris's motion to proceed *in forma pauperis*, but dismisses the complaint under § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Rule 12(h)(3) of the Court of Federal Claims ("RCFC").

## BACKGROUND

Mr. Harris alleges that either the California state courts or the Los Angeles County Sheriff's Office are "obstructing mails" in order to "prevent the defendants in the [California] civil action . . . from being held liable for their unlawful activities." Compl. at 2. Mr. Harris' complaint appears to allege wrongdoing in connection with his state civil action filed against the Los Angeles Police Department and Walgreens arising out of an event that occurred on February 16, 2017, in which police officers allegedly "informed the claimant that they were planning on obtaining a restraining order against the claimant for the purpose of banishing the claimant from sitting at the LAPD Hollywood Police Station." Compl. at 4; *see also Harris v. Los Angeles Police Dep't*, No. BC665585 (Los Angeles Super. Ct. June 27, 2017). Mr. Harris alleges that the Los Angeles County Sheriff's Office refused to effectuate service on the defendant Los Angeles Police Department, at which time he states that he mailed the relevant documents to the Los Angeles Superior Court along with a motion seeking to have the clerk of that court effectuate service on the defendants. *See* Compl. at 9.[2]

Mr. Harris further alleges that throughout the pendency of his civil action, and during the period in which he alleges that the California courts or the Los Angeles County Sheriff's Office failed to serve process on the defendants in his state case, no communications were mailed to him asserting deficiencies in his filings. Compl. at 2. He alleges that this absence of communication has occurred because "[s]omeone is not sending or giving the claimant his mail

---

[2]The Los Angeles Superior Court and the California Courts provide various informational guides for individuals litigating without lawyers, *see, e.g.*, Service of Process, http://www.courts.ca.gov/selfhelp-serving.htm (last visited Sept. 22, 2017), which describe, among other things, the acceptable methods of service in California courts, one of which includes service effectuated by a county sheriff, *id.* The Los Angeles County Sheriff's Office similarly has a webpage describing the fees and requirements for having the Sheriff's Office serve process in a civil case. *See* Civil Process Types and Fees, http://civil.lasd.org/CivilProcess/cwig12.aspx (last visited Sept. 22, 2017). Mr. Harris does not plead facts establishing the reason why the Los Angeles County Sheriff's Office allegedly refused to effectuate service, but this ambiguity does not affect the disposition of his case here.

2

from the California state court, of which the correspondence should be ongoing through to the conclusion of the case." Compl. at 3.[3]

As a remedy for the alleged violations of 18 U.S.C. §§ 1341 and 1701, Mr. Harris seeks damages in the amount of the higher of either $5,000,000 or the "current day value of the Adamson House Museum located in Malibu, California." Compl. at 3.[4] Mr. Harris additionally seeks an order "directing the postal police to investigate the violations of U.S.C. Title 18 section 1341 and 1701 and turn their findings over to the U.S. Attorney for convening a federal grand jury for their findings of indictment or dismissal or the charges." Compl. at 3.[5]

## STANDARDS FOR DECISION

As plaintiff, Mr. Harris has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The leniency afforded to a *pro se* litigant with respect to formalities does not relieve such a litigant from satisfying jurisdictional requirements. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Under the Tucker Act, this court has jurisdiction over "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added); *see also Moore v. Public Defender's Office*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").

The Tucker Act waives sovereign immunity and allows a plaintiff to sue the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), but it does not provide a plaintiff with any substantive rights, *United States v. Testan*, 424 U.S. 392, 398 (1976).

---

[3]The summary report for Mr. Harris's pending case in California state court indicates that a hearing is currently scheduled in that case on October 27, 2017, regarding potential dismissal of the state case "for failure to file proof of service and for failure to appear on 9/15/17." *See Harris*, No. BC665585, Case Summary available at http://www.lacourt.org/casesummary/ui (last visited Sept. 22, 2017).

[4]The Adamson House Museum is a National Historic Site and a California Historic Landmark that, in addition to being located on "one of the most beautiful beach locations in Southern California," is renowned for featuring "world-famous Malibu Tile . . . [and] hand-carved teakwood doors, hand-painted murals, molded ceilings, hand-wrought [filigree] ironwork and lead-framed bottle glass windows." *See* Adamson House, http://www.parks.ca.gov/?page_id=672 (last visited Sept. 22, 2017). Mr. Harris does not indicate why he believes the valuation of the Adamson House Museum bears a relationship to the amount of damages he seeks here.

[5]Mr. Harris presumably seeks an order directing the United States Postal Inspection Service to commence the investigation he seeks. *See* Mission Statement, https://www.postalinspectors.uspis.gov/aboutus/mission.aspx (last visited Sept. 22, 2017).

To establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398).

Criminal statutes such as 18 U.S.C. §§ 1341 and 1701 are outside the scope of this court's jurisdiction. *See* 28 U.S.C. § 1491; *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [C]ourt [of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.").

As well, this court lacks the power to award injunctive relief absent specific statutory authorization. *See United States v. King*, 395 U.S. 1, 2-3 (1969) (citing *United States v. Alire*, 73 U.S. (6 Wall.) 573, 575 (1867); *United States v. Jones*, 131 U.S. 1, 9 (1889); *Glidden Co. v. Zdanok*, 370 U.S. 530, 557 (1962)); *see also Halim v. United States*, 106 Fed. Cl. 677, 684-85 (2012) (citing *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998)) ("This court has never been afforded the general authority to issue declaratory judgments or to grant injunctive relief."). More specifically, "[t]he Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief." *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013).

Finally, for plaintiffs proceeding or seeking to proceed *in forma pauperis* under Section 1915, the court may screen their complaint and dismiss it if "the court determines that . . . the action or appeal--is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

In sum, "[i]f a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added). In a case in which the plaintiff has moved to appear *in forma pauperis*, Section 1915 requires the court to dismiss the case "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," where the court determines that it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

## ANALYSIS

Mr. Harris asserts claims for money damages arising out of alleged fraud and obstruction of mail by two state entities: the Los Angeles County Sheriff's Office and the California state courts. He also appears to seek an injunction directing the United States Postal Inspection Service to investigate the criminal activity he alleges and directing an unspecified United States Attorney to prosecute that criminal activity.

### A. Claims for Money Damages

Mr. Harris's does not allege any wrongdoing by the United States that entitles him to compensation. All of the conduct of which he complains was allegedly committed by state actors. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Court of Federal Claims]"); *see also Moore*, 76 Fed. Cl. at 620 ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). His complaint also asserts violations of two criminal statutes, which this court lacks power to hear. *See Joshua*, 17 F.3d at 379 ("The [C]ourt [of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."). Because this court lacks jurisdiction over any claims against the Los Angeles County Sheriff's Office and the California state courts and over any claims asserted under the criminal laws of the United States, Mr. Harris's claims for monetary damages must be dismissed as outside this court's subject matter jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Independently, Mr. Harris' claims lack an arguable basis in law before this court; in short, their "disposition is obvious." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."); *Taylor v. United States*, 568 Fed. Appx. 890, 891 (Fed. Cir. 2014) (citing *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987)) ("A frivolous claim is one 'whose disposition is obvious.'"). Mr. Harris's belief that there is irregularity in connection with his requests for service of process in his pending state case may be sincerely held, but "[i]n the language of courts, frivolity does not imply levity, and is not inconsistent with a litigant's belief that he has been wronged and ought to have a remedy." *Galloway Farms*, 834 F.2d at 1001. There is no arguable basis for the assertion that this court has the power to adjudicate claims arising under the criminal laws of the United States against state entities. *See Nietzke*, 490 U.S. at 319; *Joshua*, 17 F.3d at 378; *Moore*, 76 Fed. Cl. at 617. These claims must be dismissed.

### B. Claims for Injunctive Relief

Mr. Harris's claims for injunctive relief ask the court to compel the United States Postal Inspection Service to investigate, and an United States Attorney to prosecute, his allegations of criminal conduct. This court has been authorized to provide equitable forms of relief in particular, statutorily-defined circumstances, but the Tucker Act itself does not confer general authority to issue such relief. The injunction Mr. Harris apparently seeks does not fall within any of the statutorily-defined instances in which this court can order equitable remedies. *See, e.g.*, 28 U.S.C. § 1491(a)(2) (providing authority for specific forms of equitable relief "as an incident of and collateral to any such judgment [for money damages]."); § 1491(b)(1)-(2) (allowing for equitable relief in the context of bid protest actions); § 1507 (allowing for declaratory judgments in certain tax actions). In sum, Mr. Harris' claims for equitable relief fall outside the scope of this court's jurisdiction and must be dismissed.

## CONCLUSION

For good cause shown, Mr. Harris's motion to proceed *in forma pauperis* is GRANTED. Nevertheless, the court has determined that Mr. Harris's claims are outside this court's subject matter jurisdiction and raise unmeritorious questions of law, and thus the court must DISMISS his complaint. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge